IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA PERKINS<br><br>    Plaintiff,<br><br>v.<br><br>EYE CONSULTANTS OF ATLANTA, P.C.,<br><br>    Defendant. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Patricia "Patty" Perkins ("Plaintiff") files this Complaint against Defendant Eye Consultants of Atlanta, P.C. ("Defendant"). Plaintiff alleges that Defendant terminated her employment after she informed her manager that she was pregnant and requested a reasonable accommodation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADA").

Plaintiff shows the Court as follows:

1

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1. Plaintiff claims that Defendant violated Title VII by (1) failing to provide a reasonable accommodation for her pregnancy (Count I), (2) discriminating against her because she was pregnant (Count II), and (3) retaliating against her for requesting a reasonable accommodation for her pregnancy (Count III).

2. Plaintiff further claims that Defendant violated the ADA by: (1) failing to provide Plaintiff with a reasonable accommodation for her pregnancy-related disability (Count IV), (2) discriminating against Plaintiff by terminating her employment because of her disability (Count V), and (3) retaliating against her for having requested a reasonable accommodation for her pregnancy-related disability (Count VI).

3. Plaintiff seeks declaratory relief, lost wages and benefits, compensatory and punitive damages, interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This court has federal-question jurisdiction over Plaintiff's Title VII and ADA claims, pursuant to 28 U.S.C. § 1331.

5. Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3), and Local Rule 3.1(B), venue is proper in this Court because Defendant's Principal Office Address is located in the Atlanta Division of the Northern District of Georgia.

## PARTIES

6. Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this court.

7. Plaintiff was formerly employed by Defendant as a Medical Scribe from approximately July 2017 until on or about March 1, 2022.

8. Defendant's Principal Office Address is located within the State of Georgia and the Atlanta Division of the Northern District of Georgia.

9. Defendant may be served with process through its registered agent, Patrick Scott Ferguson, at 3225 Cumberland Boulevard SE, Suite 900, Atlanta, Georgia 30339.

10. Defendant was an "employer" within the definition of Title VII and the ADA at all relevant times.

11. Plaintiff was Defendant's "employee" within the meaning of Title VII and the ADA at all relevant times.

## ADMINISTRATIVE EXHAUSTION

12. Plaintiff has satisfied all administrative prerequisites for bringing her Title VII and ADA claims in this Court.

13. On June 3, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge

No. 410-2022-05819), in which she asserted her Title VII and ADA claims against Defendant.

14. On November 28, 2022, the EEOC issued a Notice of Right to Sue ("NRTS") on Plaintiff's Title VII and ADA claims.

15. Plaintiff brings this suit within ninety (90) days of her receipt of the NRTS.

## STATEMENT OF FACTS

16. Defendant formerly employed Plaintiff as a Medical Scribe from approximately July 2017 until on or about March 1, 2022.

17. Plaintiff was qualified to fulfill the essential functions of the Medical Scribe role with or without an accommodation, which role she had successfully performed for Defendant for nearly five (5) years before Defendant terminated her employment.

18. In approximately August 2021, Plaintiff had been experiencing car trouble and was unable to report to the Fayetteville location, where she was temporarily assigned.

19. As a result, Plaintiff called Ms. Waller and asked that she be permitted to work at the Stockbridge location, which was closer to Plaintiff's home. Ms. Waller agreed, and Plaintiff reported to the Stockbridge location as arranged.

20. While Plaintiff was working, Ms. Waller arrived at the Stockbridge office. Ms. Waller confronted Plaintiff about why she was working at the Stockbridge location after Plaintiff had called out sick from her shift at the Fayetteville location.

21. Plaintiff reminded Ms. Waller that she had not called out sick, but rather had asked to work at the closer Stockbridge location because of her car trouble.

22. Ms. Waller acknowledged that she had been confused about the reason for Plaintiff's phone call, and no disciplinary action was taken against Plaintiff. In fact, shortly after the August 2021 incident, Ms. Waller gave Plaintiff a very good annual review and a substantial raise.

23. On or about February 28, 2022, Plaintiff informed her Clinical Manager, Monique Waller, that she was pregnant. Per Plaintiff's physician, her pregnancy was considered high-risk due to her relatively-advanced age, the fact that this was her first pregnancy, and the fact that she suffered from polycystic ovarian syndrome ("PCOS").

24. PCOS, which affects the major bodily function of reproduction, increases the possibility of pregnancy-related conditions. More specifically, pregnant women with PCOS may have a higher risk of pregnancy complications,

including miscarriage, stillbirth, gestational diabetes, preeclampsia, and pre-term labor.

25. Plaintiff informed Ms. Waller that she "needed help" because of her high-risk pregnancy, specifically requesting that Defendant permit Plaintiff to take breaks during her ten-hour shifts so that she could eat and use the restroom.

26. Plaintiff's statement that she needed help and request that she be permitted to take breaks during her ten-hour shifts constituted a request for a reasonable accommodation for her pregnancy under Title VII and a request for a reasonable accommodation under the ADA.

27. Plaintiff's accommodation request also constituted protected activity for the purposes of Title VII and the ADA.

28. In response to Plaintiff's request for a reasonable accommodation, Ms. Waller asked, "so do you just want to resign?" or words to that effect. Plaintiff responded that she did not want to resign.

29. Ms. Waller then told Plaintiff that she would speak to management and would let her know what could be done to help her. However, the next day, March 1, 2022, Ms. Waller terminated Plaintiff's employment on the alleged basis that she forgot to clock out approximately two (2) weeks prior.

30. To the best of Plaintiff's recollection, she did not work on the day in question on which Ms. Waller claimed that Plaintiff did not clock out. Rather, Plaintiff had called Ms. Waller and called out sick, which absence Ms. Waller had approved.

31. To the best of Plaintiff's recollection, she had no attendance or other disciplinary issues on her record throughout her employment with Defendant.

32. When Plaintiff challenged the purported reason for her termination, Ms. Waller informed her that Plaintiff was also being terminated because Plaintiff allegedly had "stolen time" in approximately August 2021.

33. Plaintiff reminded Ms. Waller that she had not "stolen time" in August 2021, nor had she been disciplined as a result of the alleged August 2021 incident.

34. Plaintiff also noted that she had just informed Ms. Waller the day before that she was pregnant.

35. Ms. Waller became defensive and began yelling, which was witnessed by the Front Desk Manager. Upon information and belief, the Front Desk Manager's first name was Ebony.

36. Plaintiff asked Ms. Waller to stop yelling, but Ms. Waller continued, stating, "I don't know what you're insinuating, but I'm firing you because you forgot to clock out," or words to that effect.

37. Defendant's reasons for terminating Plaintiff's employment were pretextual.

38. Defendant discriminated against Plaintiff by terminating her employment because she was pregnant; failed to provide a reasonable accommodation for her pregnancy; and/or retaliated against Plaintiff for requesting an accommodation for her pregnancy, all in violation of Title VII.

39. Additionally, or alternatively, Defendant discriminated against Plaintiff by terminating her employment because of her pregnancy-related disability, because Defendant regarded her as disabled, and/or because she requested an accommodation for her disability; failed to provide a reasonable accommodation for Plaintiff's disability; and/or retaliated against Plaintiff for requesting a reasonable accommodation, all in violation of the ADA.

40. Due to Defendant's violations of Title VII and/or the ADA, Plaintiff has experienced lost compensation, and has suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

41. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights under Title VII and/or the ADA.

42. Defendant acted with the specific intent to harm Plaintiff.

### COUNT I
### Failure to Accommodate in Violation of Title VII

43. Plaintiff, who was a pregnant woman at all times relevant to this Complaint, was a member of a protected class for the purposes of Title VII.

44. At all relevant times, Defendant was an "employer" within the meaning of Title VII.

45. At all relevant times, Plaintiff was qualified for the position of Medical Scribe, which role she had successfully performed for nearly five (5) years before Defendant terminated her employment on or about March 1, 2022.

46. On or about February 28, 2022, Plaintiff informed Ms. Waller that she was pregnant, stated that she "needed help" due to her high-risk pregnancy, and requested a pregnancy accommodation, which accommodation included that she be permitted to take breaks during her 10-hour shifts so that she could eat and use the restroom.

47. Ms. Waller terminated Plaintiff's employment on or about March 1, 2022, one day after Plaintiff informed Ms. Waller that she was pregnant and requested a pregnancy accommodation.

48. Ms. Waller, as Clinical Manager, had the authority to make decisions regarding, *inter alia*, providing an accommodation on behalf of Defendant.

49. Defendant did not provide Plaintiff with a reasonable accommodation for her pregnancy but instead terminated Plaintiff on or about March 1, 2022, one day after Plaintiff requested an accommodation.

50. As a direct and proximate result of Defendant's failure to provide Plaintiff with a reasonable accommodation for her pregnancy, she incurred lost wages and benefits, and suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

51. In denying Plaintiff a reasonable accommodation for her pregnancy, Defendant acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights under Title VII.

52. Plaintiff seeks all available relief under Title VII, including lost wages and benefits, compensatory and punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

## COUNT II
### Discriminatory Termination on the Basis of Sex (Pregnancy) in Violation of Title VII

53. Plaintiff, who was a pregnant woman at all times relevant to this Complaint, was a member of a protected class for the purposes of Title VII.

54. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII.

55. At all relevant times, Plaintiff was qualified for the position of Medical Scribe, which role she had successfully performed for nearly five (5) years before Defendant terminated her employment on or about March 1, 2022.

56. Ms. Waller terminated Plaintiff's employment on or about March 1, 2022, one day after Plaintiff informed Ms. Waller that she was pregnant, stated that she "needed help" due to her high-risk pregnancy, and requested a pregnancy accommodation.

57. Ms. Waller, as Clinical Manager, had the authority to make decisions regarding hiring, promotions, and firing on behalf of Defendant.

58. Plaintiff did not violate any work rule that would have warranted the termination of her employment. Defendant's purported reliance on her alleged failure to clock out twice in the year preceding her termination was pretext for discrimination, as evidenced by Ms. Waller's response to Plaintiff—"so do you just

want to resign?" or words to that effect—when Plaintiff informed Ms. Waller that she was pregnant and requested a pregnancy accommodation.

59. As a direct and proximate result of Defendant's discriminatory termination of Plaintiff, she incurred lost wages and benefits, and suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

60. In discriminating against Plaintiff on the basis of her sex (pregnancy), Defendant acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights under Title VII.

61. Plaintiff seeks all available relief under Title VII, including lost wages and benefits, compensatory and punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**COUNT III**
**Retaliatory Termination in Violation of Title VII**

62. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII.

63. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of Title VII.

64. Plaintiff engaged in protected activity under Title VII by requesting a reasonable accommodation for her pregnancy, to wit, that she be allowed to take breaks to eat and use the restroom during her 10-hour shifts.

65. In response to Plaintiff's request for a pregnancy accommodation, Ms. Waller responded, "so do you just want to resign?" or words to that effect.

66. Defendant retaliatorily terminated Plaintiff's employment on March 1, 2022, one day after Plaintiff requested a pregnancy accommodation to which Ms. Waller responded by asking Plaintiff "so do you just want to resign?" or words to that effect.

67. Defendant's retaliation against Plaintiff would have dissuaded a reasonable person from engaging in protected activity.

68. As a consequence of the retaliation that she experienced from Defendant, Plaintiff has incurred lost wages and benefits, and suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

69. In retaliating against Plaintiff for engaging in protected activity, Defendant acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights under Title VII.

70. Plaintiff seeks all available relief under Title VII, including lost wages and benefits, compensatory and punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

## COUNT IV
## Failure to Accommodate in Violation of the ADA

71. At all relevant times, Plaintiff was an employee with a disability within the meaning of the ADA, to wit, PCOS, which disability substantially increased the risk of serious complications with Plaintiff's pregnancy, including miscarriage, stillbirth, gestational diabetes, preeclampsia, and pre-term labor.

72. At all relevant times, Plaintiff was qualified for the position of Medical Scribe with or without an accommodation, which role she had successfully performed for nearly five (5) years before Defendant terminated her employment on or about March 1, 2022.

73. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

74. On or about February 28, 2022, Plaintiff informed Ms. Waller that she was pregnant, stated that she "needed help" due to her high-risk pregnancy, and expressly requested a reasonable accommodation for her disability.

75. Specifically, Plaintiff requested the reasonable accommodation that she be permitted to take breaks during her 10-hour shifts so that she could eat and use the restroom.

76. Instead of providing Plaintiff with a reasonable accommodation or engaging with Plaintiff's reasonable accommodation via an informal interactive process, Defendant terminated Plaintiff's employment the next day.

77. Defendant violated the ADA by failing to provide Plaintiff with a reasonable accommodation for her disability.

78. As a result of Defendant's violations of the ADA, Plaintiff has incurred lost compensation, and has suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

79. In denying Plaintiff a reasonable accommodation for her pregnancy-related disability, Defendant acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights under the ADA.

80. Plaintiff seeks all available relief under the ADA, including lost wages and benefits, compensatory and punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

## COUNT V
**Discriminatory Termination in Violation of the ADA**

81. At all relevant times, Plaintiff was an employee with a disability within the meaning of the ADA, to wit, PCOS, which disability substantially increased the risk of serious complications with Plaintiff's pregnancy, including miscarriage, stillbirth, gestational diabetes, preeclampsia, and pre-term labor.

82. At all relevant times, Defendant regarded Plaintiff as having a disability, as set forth in 42 U.S.C. § 12102(1)(C).

83. At all relevant times, Plaintiff was qualified for the position of Medical Scribe with or without an accommodation, which role she had successfully performed for nearly five (5) years before Defendant terminated her employment on or about March 1, 2022.

84. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

85. Defendant violated the ADA by discriminating against Plaintiff by terminating her employment because of her disability and/or because Defendant regarded her as disabled. Specifically, Defendant terminated Plaintiff's employment because she was pregnant.

86. Defendant was aware of Plaintiff's pregnancy because Plaintiff informed Ms. Waller on February 28, 2022, that she was pregnant, stated that she "needed help" due to her high-risk pregnancy, and expressly requested a reasonable accommodation for her disability.

87. As a result of Defendant's violations of the ADA, Plaintiff has incurred lost compensation, and has suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

16

88. In discriminating against Plaintiff because of her pregnancy related disability, Defendant acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights under the ADA.

89. Plaintiff seeks all available relief under the ADA, including lost wages and benefits, compensatory and punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

## COUNT VI
### Retaliatory Termination in Violation of the ADA

90. Plaintiff engaged in protected activity under the ADA by expressly requesting a reasonable accommodation for her disability, which included permitting Plaintiff to take breaks during her 10-hour shifts so that she could eat and use the restroom.

91. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment one day after Plaintiff requested a reasonable accommodation.

92. Defendant's retaliation against Plaintiff would have dissuaded a reasonable person from engaging in protected activity.

93. As a consequence of Defendant's retaliation, Plaintiff has incurred lost wages and benefits.

94. In retaliating against Plaintiff for engaging in protected activity under the ADA, Defendant acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights under the ADA.

95. Plaintiff seeks all available relief under the ADA, including lost wages and benefits, prejudgment and post judgment interest, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that the practices of Defendant complained of herein are unlawful under Title VII and the ADA;

b) An award of her full lost wages and benefits;

c) An award of compensatory and punitive damages in an amount to be determined by the jury;

d) An award of prejudgment and post-judgment interest;

e) An award of Plaintiff's attorneys' fees and costs; and

f) All other equitable and other further relief as this Court deems just and proper.

Respectfully submitted this 27th day of January 2023.

>*/s/ Justin M. Scott*
>Justin M. Scott
>Georgia Bar No. 557463
>Tierra Monteiro
>Georgia Bar No. 743224
>SCOTT EMPLOYMENT LAW, P.C.
>160 Clairemont Avenue, Suite 610
>Decatur, Georgia 30030
>Telephone: 678.780.4880
>Facsimile: 478.575.2590
>jscott@scottemploymentlaw.com
>tmonteiro@scottemploymentlaw.com
>
>Counsel for Plaintiff